Richard WARN and Leah Warn, individually and t/d/b/a Yogi in the Smokies, Plaintiffs,

v.

The EASTERN BAND OF CHEROKEE INDIANS; The Cherokee Tribal Council for the Eastern Band of Cherokee Indians; Dan McCoy, individually and as a member of said Council; Myrtle Johnson, individually and as a member of said Council; Abe Wachacha, individually and as a member of said Council; Bertha Saunooke, individually and as a member of said Council; Glen Joe Bradley, individually and as a member of said Council; Bill Lambert, individually and as a member of said Council; Carroll Parker, only as a member of said Council; Larry Blythe, only as a member of said Council; Richard Welch, only as a member of said Council; and Jonathan Taylor, individually and as Principal Chief of the Eastern Band of Cherokee Indians, Defendants.

Civ. No. 2:93CV210.

United States District Court, W.D. North Carolina, Bryson City Division.

June 14, 1994.

Donald M. Patten, Waynesville, NC, Stephen P. Lindsay, Asheville, NC, for plaintiffs.

Ben Oshel Bridgers, Sylva, NC, Russell L. McLean, III, Waynesville, NC, for defendants.

## MEMORANDUM OF OPINION

RICHARD L. VOORHEES, Chief Judge.

**THIS MATTER** is before the Court on the following: 1) a letter from Ben Oshel Bridgers, counsel for the Defendants, received and filed April 25, 1994 [Bridgers' letter of April 25]; 2) a letter from Stephen P. Lindsay, attorney for Plaintiffs, received May 20, 1994, and filed May 25, 1994 [Lindsay's letter of May 20]; and 3) a second letter from Mr. Bridgers, received May 23, 1994, and filed May 25, 1994 [Bridgers' letter of May 23]. On April 28, 1994, the Plaintiffs filed a motion to strike the Bridgers' letter of April 25. That motion is denied. For the reasons stated below, the Court dismisses the complaint in its entirety against the Eastern Band of Cherokee Indians and the Cherokee Tribal Council; dismisses the causes of action pursuant to the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1302(8), 42 U.S.C. §§ 1983, 1985 and 1986, against the council members and

Chief Taylor in their official and individual capacities, and abstains from the exercise of jurisdiction of any remaining causes of action pending the exhaustion of tribal court remedies.

## I. FACTUAL BACKGROUND

Plaintiffs Richard and Leah Warn operated the "Yogi in the Smokies" campground located in the Big Cove section of the Cherokee Indian Reservation in North Carolina pursuant to a lease with the Eastern Band of Cherokee Indians (Tribe). The Warns, who are non-Indians, purchased the lease, inventory and equipment of the campground in 1985. **Exhibit A, Agreement Securing Collateral,** *attached to* **Memorandum of Defendants in Support of Motion to Dismiss at 1.** This purchase was approved by the Tribe and the Bureau of Indian Affairs (BIA). The contract provided, among other items, that Plaintiffs would pay all taxes and assessments levied within thirty days of the due date. *Id.* at 1–2. In addition, the parties agreed to "subject themselves to the jurisdiction of the Cherokee Indian Tribal Court" to resolve disputes concerning any breach of the agreement. *Id.* The Plaintiffs, by the terms of the agreement, authorized BIA to contact the sellers of the campground in the event of any violations or breaches of the lease. *Id.* The agreement was filed with BIA. *Id.* In May 1990, the lease was amended to delete a fifteen-year renewal period; and this amendment as well was approved by both the Tribe and the BIA.

In August, 1993, the Tribal Council (Council) met to consider Resolution 506 which had been submitted by Marvin Jackson, an enrolled tribal member, who sought banishment of Richard Warn from the Reservation. Apparently, Plaintiffs used a road belonging to Jackson in connection with their campground which had led to altercations and disagreements among Jackson and the Plaintiffs. **Exhibit A, Resolution 506,** *attached to* **Complaint.** Richard Warn's attorney advised the Council that Resolution 506 did not apply in any manner to Plaintiff Leah Warn. Plaintiffs allege the Council then amended the Resolution to include Leah Warn, followed in quick succession by the banishment

of both Warns from the Reservation. *Id.* Plaintiffs also allege the amended resolution has not received approval from BIA. *Id.* at 9–10.

Plaintiffs, who left the Reservation, initiated suit in this Court against the Tribe, the Tribal Council, the Tribal Chief and members of the Tribal Council, some individually and in their representative capacities, and others only as members of the Council. Jurisdiction is grounded in federal question and diversity jurisdiction and the ICRA, 25 U.S.C. § 1302(8). Plaintiffs allege four causes of action: 1) that the Tribe and the Tribal Council have breached a covenant of quiet enjoyment in the lease; 2) that the Tribe, the Council, the Chief and certain members of the Council have breached the lease by constructively evicting them; 3) that the Tribe, the Council, the Chief and the Council members have violated the ICRA, 25 U.S.C. § 1302(8); and 4) that certain Council members have violated Plaintiffs' due process and equal protection rights under 42 U.S.C. §§ 1983 and conspired to do so in violation of 42 U.S.C. § 1985, and that Chief Taylor failed to prevent such actions in violation of 42 U.S.C. § 1986.

## II. PROCEDURAL BACKGROUND

By Order filed January 7, 1994, this Court denied the motion for a temporary restraining order and asked the parties to address issues of jurisdiction and sovereign immunity. By Order filed May 6, 1994, this Court denied the motion for a preliminary injunction, having been advised by the parties that issue had become moot. The Court was also advised the Plaintiffs' motion to amend the complaint, filed January 4, 1994, was moot, and the motion therefore will be denied.

In his letter filed with the Court on April 25, 1994, Mr. Bridgers suggested that all remaining issues had been resolved by the parties. Nonetheless, by letter received May 20, 1994, in response to the Court's Order of May 6, 1994, counsel for the Plaintiffs asked the Court to render a ruling.

## III. DISCUSSION

It appears that in the interim the following factual events have unfolded which now impact this Court's determinations. The Council has rescinded the banishment of the Warns from the Reservation; and indeed, it appears they are presently operating the campground. **Bridgers' Letter of April 25; Lindsay's Letter of May 20; Bridgers' Letter of May 23.** Moreover, the Warns have settled their dispute with Jackson and others in an action brought in Tribal Court prior to the initiation of this action. **Bridgers' Letter of April 25.** As a part of this settlement, the Jacksons and others are permanently enjoined from impeding traffic to the campground or from intimidating or harassing either the Plaintiffs or their customers. *Id.*

Plaintiffs seek compensatory and punitive damages, counsel fees, declaratory and injunctive relief against the Defendants for breach of contract and through the statutory mechanisms of the ICRA, 42 U.S.C. §§ 1983, 1985 and 1986. Defendants have moved to dismiss based on a lack of jurisdiction of this Court over the action. Even if this Court has jurisdiction, the doctrine of abstention raises other issues.

■ Considering first the two causes of action based on breach of contract, the Court finds it has subject matter jurisdiction based on diversity grounds.[1] The fact that the Warns are non-Indians is not dispositive of the jurisdictional issue. The Defendants are Indians, the action involves real property located on the Reservation, and both the Tribe and BIA have authority over the leasehold. This scenario thus has a direct impact on Indians or their property. **F. Cohen, *Handbook of Federal Indian Law*, at 343 (1982 ed.).**

■ Plaintiffs argue that the Tribe and the Council have waived sovereign immunity by entering into a contract with non-Indians. However, there has been no waiver of their sovereign immunity and these causes of action must be dismissed. *Santa Clara Pueblo*

---

1. As to the two causes of action based on breach of contract, Plaintiffs allege jurisdiction both on federal question and diversity grounds. Jurisdiction exists only on the diversity ground because these two causes of action do not allege facts sufficient to raise a federal question. *See, Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians,* 999 F.2d 503, 507–08 (11th Cir.1993).

*v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985); *Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987); *White v. Pueblo of San Juan,* 728 F.2d 1307 (10th Cir.1984); *Bank of Oklahoma, N.A. v. Muscogee Creek Nation,* 972 F.2d 1166, 1171 (10th Cir.1992) (holding that a waiver of tribal sovereign immunity cannot be implied but must be "unequivocally expressed," quoting *Martinez,* 436 U.S. at 58, 98 S.Ct. at 1677).[2] In the absence of "clear" congressional intent, this Court will not find the Tribe has waived its immunity from suit in federal court. *Martinez,* 436 U.S. at 72, 98 S.Ct. at 1684.

■ As to the remaining Defendants, although this Court has jurisdiction over the causes of action based on breach of contract, it will abstain from exercising that jurisdiction pending the exhaustion of Tribal Court remedies. "Regardless of the basis for jurisdiction, the federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a 'full opportunity to determine its own jurisdiction'." *Iowa Mut. Ins. Co.,* 480 U.S. at 16, 107 S.Ct. at 976 (citations omitted). The parties contracted that disputes over the lease agreement would be resolved in the Tribal Court forum. The fact that the Plaintiffs are non-Indians does not prohibit the Tribal Court from exercising civil jurisdiction over this matter. *Stock West Corp. v. Taylor,* 964 F.2d 912 (9th Cir.1992). Indian tribes have

> inherent sovereign power to exercise some forms of civil jurisdiction over non-Indians on their reservations, even on non-Indian fee lands ... [a] tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements. A tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee

lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe.

*Id.* at 918–19 (quoting *Montana v. United States,* 450 U.S. 544, 565–66, 101 S.Ct. 1245, 1258–59, 67 L.Ed.2d 493 (1981)). This is precisely the case at hand. The Plaintiffs have actively engaged in commerce with the Tribe and have subjected themselves to the civil jurisdiction of the tribal Court. *FMC v. Shoshone–Bannock Tribes,* 905 F.2d 1311 (9th Cir.1990), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991).

■ The agreement executed by the Plaintiffs in 1985 clearly provides that Tribal Court is the proper forum for any dispute concerning the breach of the lease. Plaintiffs claim that as to that dispute as well as the issue of banishment, the exhaustion of their remedies through Tribal Court would be futile, thus invoking the exception to the *Martinez* case carved out by the Tenth Circuit in *Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes,* 623 F.2d 682 (10th Cir. 1980). The court there found that where an alleged violation of the ICRA has occurred, where there has been no tribal forum provided, and when the conflict involves matters outside internal tribal affairs, the federal courts should entertain jurisdiction. *Enterprise Management Consultants, Inc. v. United States,* 883 F.2d 890, 892 (10th Cir.1989) (holding the Tenth Circuit had determined to give *Dry Creek* a "narrow interpretation"). Nonetheless, such relief is not available until all tribal court remedies have been exhausted. *See, e.g., Bank of Oklahoma, supra; White,* 728 F.2d at 1312 ("It is to be noted that in *Dry Creek* the plaintiffs made an actual attempt to pursue a remedy in the tribal forum. But access was denied."); *Nero v. Cherokee Nation of Oklahoma,* 892 F.2d 1457 (10th Cir.1989).

Turning now to the causes of action based on the ICRA, the Supreme Court has stated clearly that suits against an Indian tribe and its officials under the ICRA are prohibited by the doctrine of sovereign immunity:

**2.** As an alternative ruling, the Court finds that such a determination should be made by the

Tribal Court in the first instance. *White,* 728 F.2d at 1313.

[U]nless and until Congress makes clear its intention to permit the additional intrusion on tribal sovereignty that adjudication of such actions in a federal forum would represent, we are constrained to find that § 1302 does not impliedly authorize actions for declaratory or injunctive relief against either the tribe or its officers.

*Crowe v. Eastern Band of Cherokee Indians, Inc.*, 584 F.2d 45, 46 (4th Cir.1978) (quoting *Martinez*, 436 U.S. at 72, 98 S.Ct. at 1684); *R.J. Williams Co. v. Ft. Belknap Housing Auth.*, 719 F.2d 979 (9th Cir.1983), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985) (holding that although 25 U.S.C. § 1302(8) provides that the Tribe may not deprive any person of property without due process, "we have recognized that the *Santa Clara Pueblo* [*Martinez*] holding 'foreclosed any reading of the [Act] as authority for bringing civil actions in federal court to request … forms of relief [other than habeas corpus].' ") (citations omitted).

The Fourth Circuit has interpreted the Supreme Court's holding in *Martinez* as depriving federal courts of jurisdiction to entertain such actions against the Tribe, the Tribal Council, and the other named Defendants, either in their individual or official capacity. *Crowe, supra; Toineeta v. Andrus*, 503 F.Supp. 605, 609 (W.D.N.C.1980).

Moreover, in *Toineeta,* the court held that a complaint brought under 42 U.S.C. § 1983 cannot state a cause of action because the Eastern Band of Cherokee Indians is an Indian Tribe within the meaning of the Constitution and the laws of the United States. *Id.* at 608. The tribal council members thus could not be state actors. *Id.* The court further concluded the complaint failed to state a claim under 42 U.S.C. § 1985.

The Plaintiff in this cause cannot avoid the ruling of *Martinez* and *Crowe* merely by substituting the individual tribal members and officers in the place of the tribe and bringing her action under 42 U.S.C.A. §§ 1983 and 1985(3).

*Id.* at 609.

■ The court dismissed the causes of action brought pursuant to §§ 1983 and 1985 as to all Indian defendants, including the council members sued in both their individual and official capacities. *Id.* This ruling controls the instant case and dictates the dismissal of the cause of action against Chief Taylor pursuant to 42 U.S.C. § 1986 as well.

Likewise, the Court finds Count Five of the complaint, alleging a cause of action for intentional infliction of emotional distress, is simply an attempt to avoid the rulings of *Crowe* and *Martinez* "merely by substituting the individual tribal members and officers in the place of the tribe and bringing [the] action" pursuant to a state law claim. *Id.* at 609. In the alternative, the Court declines to retain jurisdiction over this pendant state claim. 28 U.S.C. § 1367(c)(1) and (c)(3).

The Court has determined that dismissal of the complaint is the prudent course of action in order to facilitate and encourage swift resort to Tribal Court remedies. *Nat'l Farmers Union Ins. Cos.*, 471 U.S. at 857, 105 S.Ct. at 2454.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that Counts One and Two of the complaint are hereby **DISMISSED** against the Eastern Band of Cherokee Indians and the Cherokee Tribal Council on the grounds of sovereign immunity and Counts Three, Four and Five are hereby **DISMISSED** for lack of subject matter jurisdiction; and in the alternative, Count Five is **DISMISSED** pursuant to 28 U.S.C. § 1367; and

**IT IS FURTHER ORDERED** that Count One does not allege a cause of action against the individual Defendants, and Count Two against the remaining Defendants, both in their individual and official capacities, is **DISMISSED** on the grounds of abstention, the Plaintiffs having failed to exhaust Tribal Court remedies; and

**IT IS FURTHER ORDERED** that Counts Three, Four and Five are **DISMISSED** as to the remaining Defendants, both in their individual and official capacities, for lack of subject matter jurisdiction and in the alternative, Count Five is **DISMISSED** pursuant to 28 U.S.C. § 1367; and

**IT IS FURTHER ORDERED** that the Plaintiffs' motions to strike and to amend are hereby **DENIED** as moot.

A Judgment incorporating the findings herein will be filed herewith.